IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAKESHIA CHANEY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF J.T., | § § § § § § § § § § § § § | SA-21-CV-01082-FB |
| *Plaintiff,* | | |
| vs. | | |
| EAST CENTRAL INDEPENDENT SCHOOL DISTRICT, | | |
| *Defendant.* | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [#28]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#12]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be **granted in part and denied in part**.

**I.  Background**

This case arises out of the tragic suicide of seven-year-old J.T. (Am. Compl. [#24], at ¶¶ 1–4.) At the time of his death, J.T. was a first grader at Salado Elementary School within the East Central Independent School District ("ECISD"). (*Id.*) J.T. was the only Black student in his class and had been diagnosed with Attention Deficit Hyper-Activity Disorder ("ADHD"). (*Id.*) J.T.'s mother, Lakeshia Chaney, filed this wrongful-death action against J.T's teacher,

Lourdes Diaz, and ECISD, alleging that J.T. committed suicide because he was the victim of ongoing bullying on account of his race and ADHD diagnosis. (*Id.*) Chaney alleges that Diaz was on notice of the bullying, which included racial slurs, name-calling, and physical assault, yet did nothing to prevent or otherwise address the behavior. (*Id.*)

Chaney brings this action on behalf of J.T. as a surviving parent and on behalf of J.T.'s estate. Chaney's original Complaint pleaded tort claims under Texas's wrongful death and survivorship statutes and federal claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), Title VI of the Civil Rights Act of 1964 ("Title VI"), and Section 504 of the Rehabilitation Act of 1973 ("the Rehabilitation Act"). (*Id.* at ¶¶ 5, 58–123.) Defendants moved to dismiss the Complaint, raising numerous arguments regarding the Court's jurisdiction and the sufficiency of Chaney's pleadings and invoking various immunities from suit. The motion to dismiss also challenged Chaney's legal capacity to sue on behalf of J.T.'s estate.

The Court granted the motion to dismiss in part, dismissing all claims against Diaz but leaving Chaney's claims under the ADA, Title VI, and the Rehabilitation Act against ECISD pending. The Court also gave Plaintiff the opportunity to replead ECISD's municipal liability as to her claim for a violation of equal protection pursuant to Section 1983 by filing a More Definite Statement. Finally, the Court also ordered repleading to clarify whether Chaney was proceeding as the personal representative and administrator of J.T.'s estate or as his heir at law because there was no estate administration pending. Chaney responded by filing an Amended Complaint against ECISD, reasserting her claims under the ADA, Title VI, and the Rehabilitation Act and supplementing her allegations regarding her capacity to sue. (Am. Compl. [#24], at ¶¶ 57–80.) Chaney's Amended Complaint did not replead her equal protection claim.

ECISD now moves to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6). In its motion, ECISD again challenges Chaney's capacity to sue as administrator of J.T.'s estate; challenges Chaney's standing to sue on her own behalf under the ADA, Title VI, and the Rehabilitation Act; argues that Chaney fails to state a claim under the ADA or the Rehabilitation Act; seeks dismissal of Chaney's request for mental anguish damages under Title VI and the Rehabilitation Act; and requests dismissal of Chaney's claim for exemplary damages. Chaney filed a response in opposition to the motion [#30], to which ECISD filed a reply [#33]. Chaney and ECSID both filed an additional sur-reply [#35, #37]. The motion is ripe for the Court's review.

## II.  Legal Standards

ECISD moves for dismissal under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Motions filed under Rule 12(b)(1) allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. *See* Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161. When a court's subject matter jurisdiction is factually attacked, the court may consider matters outside of the pleadings. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, it is subject to the same standard as a motion brought under Rule 12(b)(6). *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Ramming*, 668 F.3d at 161.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

### III.  Analysis

The Court should grant in part and deny in part ECISD's motion to dismiss. For the reasons that follow, the Court should dismiss Chaney's ADA, Rehabilitation Act, and Title VI claims asserted individually on her own behalf and should also dismiss Chaney's claim for mental anguish damages on behalf of J.T. under Title VI and the Rehabilitation Act. The Court already dismissed Chaney's request for exemplary damages, and these damages should not have been repleaded in the Amended Complaint. In all other respects, the motion should be denied.

A.     **Legal Capacity of Chaney**

ECISD argues that Chaney has not alleged sufficient facts that if true would prove that she has the capacity to sue on behalf of J.T.'s estate, even after this issue was raised in the earlier motion to dismiss and the Court specifically directed Chaney to amend her pleadings.

As summarized in the undersigned's previous report and recommendation, Rule 17 of the Federal Rules of Civil Procedure governs the capacity to sue and be sued. An action must be prosecuted in the name of the real party in interest under federal law. Fed. R. Civ. P. 17(a)(1). Rule 17 directs courts to apply the law of the state where the court is located in determining the legal capacity of a party. *See id.* at 17(b)(3). Accordingly, Texas law governs the question of who has capacity to assert the state and federal claims in this action on behalf of J.T., who is deceased.

Under Texas law, the "estate" of a decedent is not a legal entity and may not sue or be sued, and the personal representative of the estate is ordinarily the only person entitled to sue for the recovery of property belonging to the estate. *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975); *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971). Yet the Texas Supreme Court has explained that heirs at law can maintain a suit on behalf of an estate during the four-year period allowed by law for instituting administration proceedings without qualifying as personal representatives, so long as they "allege and prove that there is no administration pending and none necessary." *Frazier*, 472 S.W.2d at 752.

Chaney's Original Complaint contained internally inconsistent allegations as to her legal capacity. In the caption of this case and the opening paragraph of the Complaint, Chaney stated she was proceeding as both "the surviving mother" of J.T. and "the administrator" of his estate. (Compl. [#1], at ¶ 1.) And yet in the body of the Complaint, she alleged "[n]o administration of

5

the Estate of J.T. has been initiated" and "it is believed that no administration is necessary." (*Id.* at ¶ 5.)   The Court therefore instructed Chaney to file a more definite statement addressing the identified inconsistencies in her Complaint and clarifying whether she is proceeding in this suit vis-à-vis J.T.'s estate as an heir at law (as there is no estate administration pending and none is necessary) or as the administrator of J.T.'s estate requiring further factual allegations regarding her legal status as personal representative.

Chaney's Amended Complaint is styled with Chaney as the Plaintiff suing both individually and as representative of the estate of J.T. (as opposed to administrator of the estate). (Am. Compl. [#24], at 1.)  The factual allegations differ slightly as well.  Chaney alleges that J.T. was seven years old at the time of his death, had no debts or assets at the time of his death, and affirmatively states that there is no estate administration pending and that none is required under Texas law.  (*Id.* at ¶ 5.)

ECISD argues that these amended allegations are still insufficient to establish Chaney's legal capacity to sue on behalf of J.T., as Texas law requires both pleading and *proving* the lack of an estate administration to proceed on behalf of a deceased.  *See Frazier*, 472 S.W.2d at 752. According to ECISD, although Chaney has pleaded this fact, she has not produced any evidence to prove it.  ECISD thus advocates for dismissal of all claims brought on J.T.'s behalf.  This argument goes too far.

As noted in the undersigned's previous report and recommendation, a lack of legal capacity is an affirmative defense, not a jurisdictional barrier to suit.  *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003).  *See also Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 853 n.7 (Tex. 2005) (indicating that if trial court concludes that capacity is lacking, court should give plaintiff reasonable time to cure defect).  The motion before the Court is a motion to

dismiss, which challenges the sufficiency of the pleadings, not a motion for summary judgment requiring the marshaling of evidence.

A plaintiff need not negate an affirmative defense in her pleadings, but where a plaintiff has alleged facts plainly indicating that an affirmative defense applies, the complaint could be subject to dismissal. *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004). Chaney has not pleaded facts that, if true, foreclose her legal capacity to sue on behalf of J.T. as his heir at law. Her Amended Complaint alleges she is proceeding on behalf of her son, who has no assets, and therefore, no estate administration is necessary. Accepting these allegations as true at the pleading stage, Chaney has sufficiently pleaded her capacity to sue on behalf of J.T. as his heir at law and representative of his estate. If evidence produced at the summary judgment stage contradicts these pleadings, then the claims could be dismissed before trial.

**B.     Standing to Sue Individually under ADA, Title VI, and the Rehabilitation Act**

ECISD's motion also challenges Chaney's ability to proceed in this lawsuit on her own behalf. ECISD argues Chaney lacks standing to sue individually under the ADA, Title VI, and the Rehabilitation Act, the only three remaining causes of action in this suit. The undersigned agrees.

As to Title VI, a Title VI plaintiff must be an intended beneficiary of, an applicant for, or a participant in a federally funded program in order to state a claim under Title VI. *Azteca Enterprizes, Inc. v. Dallas Area Rapid Transit*, 31 Fed. App'x 839, at *2 (5th Cir. 2002); *Jackson v. Katy Indep. School Dist.*, 951 F. Supp. 1293, 1298 (S.D. Tex. 1996). "The intended beneficiaries of a federally funded public school program are school children, not their parents." *Gonzalez v. Northside Indep. Sch. Dist.*, No. SA-20-CV-00926-XR, 2020 WL 4677305, at *4

(W.D. Tex. Aug. 12, 2020).  Chaney therefore lacks standing to assert a Title VI claim on her own behalf.  *Jackson*, 951 F. Supp. at 1298.

As for Section 504 of the Rehabilitation Act and Title II of the ADA, the Fifth Circuit has held that neither statute authorizes claims for a parent's own mental anguish damages stemming from discrimination against their child.  *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 169 (5th Cir. 2016) ("Even if we agreed with the premise that parents have individual rights they can assert under those statutes based on discrimination experienced by their disabled children, no court has ever permitted recovery of the bystander tort-like damages requested here."). Accordingly, Chaney cannot sue individually under the ADA and the Rehabilitation Act to recover mental anguish damages based on "the emotional pain, torment, and suffering" she experienced "because of the death of her son."  (Am. Compl. [#24], at ¶ 82.)

The undersigned notes that Chaney also seeks damages for the loss of companionship and society she would have received from J.T. had he lived, as well as pecuniary loss of contributions from J.T. in the future.  (*Id.*)  Chaney does not address these damages in her response to ECISD's motion.  In fact, her response ignores ECSID's argument for dismissal of her individual claims altogether.  She does address the argument briefly in her sur-reply, but rather than contest it, seems to concede that she is only proceeding under Title VI, the ADA, and the Rehabilitation Act on J.T.'s behalf, not for herself individually.  In a section titled "Plaintiff has Standing to Sue Individually under the ADA, Title VI, and Section 504 of the Rehabilitation Act," she argues only that she has standing to bring her claims "on behalf of her biological son, J.T."  (Sur-reply [#35], at 3.)  The undersigned therefore construes Chaney's sur-reply as representing to the Court that she is only pursuing the discrimination claims on behalf of J.T.

In summary, the law forecloses Chaney's individual claims under Title VI and her claims for mental anguish damages under the ADA and the Rehabilitation Act. Additionally, Chaney does not respond substantively to ECISD's argument for dismissal of her individual statutory claims in her response or sur-reply. Accordingly, the Court should dismiss Chaney's individual claims under Title VI, the ADA, and Section 504 of the Rehabilitation Act.

**C.     ADA and the Rehabilitation Act**

This leaves pending Chaney's claims under Title VI, the ADA, and the Rehabilitation Act brought on behalf of J.T.'s estate. ECISD seeks dismissal of the ADA and Rehabilitation Act claims (not the claims under Title VI) on the basis that Chaney fails to satisfy federal pleading standards as to these claims. The Court should deny the motion to dismiss in this respect. ECISD already made this argument regarding the allegations in the Original Complaint, and the Court denied the motion. Chaney has sufficiently pleaded that J.T. was a qualified individual with a disability for purposes of the ADA and Rehabilitation Act and that ECISD failed to accommodate his disability by failing to maintain a safe and non-hostile educational environment and discriminated against him on account of his disability by not keeping him as safe as his non-disabled peers. (Am. Compl. [#1], at ¶¶ 57–66, 74–80.)

As the undersigned previously explained in the earlier report and recommendation, in order to state a claim for peer-to-peer disability harassment under the ADA or the Rehabilitation Act, Chaney must plead facts demonstrating: (1) J.T. was an individual with a disability, (2) he was harassed based on his disability, (3) the harassment was sufficiently severe or pervasive that it altered the condition of his education and created an abusive educational environment, (4) defendant knew about the harassment, and (5) defendant was deliberately indifferent to the harassment. *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 996 (5th Cir. 2014).

ECISD reasserts the same arguments the Court already rejected as to this claim—that Chaney does not allege that J.T. was harassed based on his disability, only his race. Again, the undersigned disagrees with this characterization of the pleadings.

Chaney's Amended Complaint, as did the Original Complaint, alleges harassment based on both J.T.'s race and J.T.'s disability—his diagnosis with ADHD. (*See* Am. Compl. [#1], at ¶¶ 2, 16.) The Complaint also specifically alleges that Diaz's decision to segregate J.T. on one side of the classroom was based on her personal experience of having a son with ADHD. (*See id.* at ¶ 31 ("Diaz also informed Plaintiff in this meeting that she herself had a son with ADHD, and as a result, knew how to manage students with ADHD."). Again, insofar as ECISD is arguing that these allegations are too vague to satisfy Rule 8's pleading requirements, the undersigned also disagrees. Chaney's ADA and Rehabilitation Act claims are not subject to a heightened pleading standard that requires specifying the who, what, when, where of the alleged disability-based harassment. It is sufficient at this stage of the proceedings that Chaney has alleged that students in J.T.'s classroom bullied him due to his ADHD diagnosis.

ECISD also argues that the Court should dismiss the failure-to-accommodate claim. The undersigned does not construe the Amended Complaint as pleading a separate and distinct failure-to-accommodate claim. Rather, Chaney alleges that ECISD's failure to accommodate J.T.'s disability was its failure to protect him from peer-to-peer disability harassment and a hostile educational environment. (Am. Compl. [#24], at ¶¶ 63, 77.) The Court should not dismiss Chaney's ADA or Rehabilitation Act claims.

D.   **Emotional Distress Damages**

ECISD contends that Title VI and the Rehabilitation Act do not permit recovery of emotional distress damages and that these claims should be dismissed. The undersigned agrees.

10

The Supreme Court has recently clarified that emotional distress damages are not recoverable in discrimination suits premised on Spending Clause legislation. *Cummings v. Premier Rehab Keller, P.L.L.C.*, ---U.S.---, 142 S. Ct. 1562, 1574–76 (2022). Both Title VI and the Rehabilitation Act invoke Congress's power under the Spending Clause to place conditions on the grant of federal funds. *Id.* at 1572; *Barnes v. Gorman*, 536 U.S. 181, 185–86 (2002). Accordingly, Chaney may not recover such damages under Title VI and the Rehabilitation Act on behalf of J.T.

It is unclear from the pleadings if there are any other types of damages sought by Chaney on behalf of J.T.'s estate, stemming from the alleged violations of Title VI and the Rehabilitation Act. Chaney's Amended Complaint only specifies damages sought on her own behalf. (Am. Compl. [#24], at ¶ 82 (pleading mental anguish damages suffered by Chaney because of the death of her son; loss of companionship and society damages flowing from those benefits Chaney would have received from J.T. had he lived; and care and maintenance Chaney would have received from J.T. had he lived)). Chaney's Amended Complaint does not delineate any damages she is seeking on behalf of J.T.'s estate. The scope of damages at issue in this case is therefore unclear. If the only damages Chaney could plausibly be seeking on behalf of J.T.'s estate under Title VI and the Rehabilitation Act are for J.T.'s emotional distress he suffered prior to his death, then the dismissal of the claims for mental anguish damages may foreclose all other relief under these two statutes.

ECISD does not move for dismissal of Chaney's ADA claims on J.T's behalf for emotional harm. Thus, the parties have not briefed whether mental anguish damages for J.T.'s suffering are recoverable by Chaney under the ADA. Nor is it clear, as with Title VI and the Rehabilitation Act, whether Chaney is pursuing other damages aside from any damages flowing

11

from J.T.'s emotional distress leading up to his death. The parties may clarify these issues in any objections they file to this report and recommendation.

**E.      Exemplary Damages**

Finally, ECISD asks the Court to dismiss Chaney's claim for punitive damages. Chaney should not have repleaded these damages in her Amended Complaint, as the Court already dismissed these in the prior motion to dismiss. Well-settled precedent establishes that punitive damages may not be awarded in private suits under the ADA, Title VI, or the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 187–90 (2002). Chaney may not pursue these damages in her suit.

### IV.  Conclusion and Recommendation

Having considered Defendant ECISD's motion, the response and replies thereto, the pleadings, and the governing law, the undersigned recommends that Defendant's 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [#28] be **granted in part and denied in part** as follows:

- Chaney's claims under Title VI, the ADA, and the Rehabilitation Act on behalf of herself individually should be dismissed.

- Chaney's claim for mental anguish damages under Title VI and the Rehabilitation Act should be dismissed.

- Chaney's claim for punitive damages should be dismissed.

- Chaney should be permitted to proceed in this lawsuit against ECISD on behalf of the estate of J.T. on her claims under Title VI, the ADA, and the Rehabilitation Act in all other respects.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of December, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE